IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DEREK M. ROGERS**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 04-1348-GMS |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, | : | |
| | : | |
| Respondent. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondent states the following in response to the petition for a writ of habeas corpus:

In March 2003, the petitioner, Derek M. Rogers, was convicted by a Delaware Superior Court jury of attempted first degree robbery, first degree assault, two counts of possession of a firearm during the commission of a felony, and wearing a disguise. Rogers was subsequently sentenced to a total of twenty-two years of incarceration, suspended after seventeen years for probation. *See Rogers v. State*, 2003 WL 22957024, **1 (Del. Dec. 12, 2003) ("*Rogers I*"). The Delaware Supreme Court affirmed Rogers' convictions and sentences on direct appeal. *Id.* In March 2004, Rogers applied *pro se* for state postconviction relief under Superior Court Criminal Rule 61. *See State v. Rogers*, 2004 WL 1172893 (Del. Super. Ct. May 10, 2004) ("*Rogers II*"). Superior Court denied his motion and Rogers appealed. The Delaware Supreme Court rejected Rogers' claims and affirmed the judgment of the Superior Court. *Rogers v. State*, 2004 WL 2830898 (Del. Nov. 30, 2004) ("*Rogers III*").

Facts

As detailed by the Delaware Superior Court, *Rogers I* at **1, the facts leading to Rogers' arrest and conviction are as follows:

> [Seventy-seven] year-old Helen Johnson was the victim of an attempted robbery and assault. Johnson owned a liquor store located at Vandever Avenue and Locust Street in Wilmington, Delaware. Rogers, who was a regular customer, came to the store early in the morning of December 19, 2001 to purchase a bottle of gin. Later that morning, Rogers returned to the store and talked about cleaning a basement and finding a gun. According to Johnson, Rogers then put a hood over his head, brandished a shotgun and demanded money. The gun discharged and Johnson was shot in the right arm and chest. Johnson was interviewed by the police and identified Rogers as the man who shot her. She testified at trial that she has limited use of her right arm and hand due to her injuries.

Discussion

In his petition for federal habeas relief, Rogers raises three grounds for relief: (1) trial counsel was ineffective, having violated Delaware Lawyers' Rules of Professional Conduct "which gave a prejudicial ruling to Defendant['s] rights under [the] 5th and 14th Amendment[s]." (D.I. 1 at 5); (2) the evidence was insufficient to convict him; and (3) prosecutorial misconduct for prosecuting Rogers without sufficient evidence and with the knowledge that the victim made inconsistent statements. D.I. 1 at 5-6. Rogers' claims, however, are unavailing.

*Claim 1 – Ineffective assistance of counsel*

In order to exhaust state remedies, Rogers must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). Rogers presented his claim of ineffective assistance of trial counsel to the state

2

supreme court on appeal from the denial of his postconviction motion, thus exhausting state remedies.[1]  *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).  Nevertheless, Rogers' claim does not provide a basis for relief.

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court.  As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
>
>   (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)).  Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert.*

---

[1]  Because Rogers has not fully explained his claim in his federal habeas petition, respondent has referred to Rogers' state court filings to identify a more specific complaint regarding his ineffective assistance of counsel claim.  *See DeShields v. Snyder*, 829 F. Supp. 676, 678 n.1 (D. Del. 1993) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).

*denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001). In this case, the decision of the state courts is a reasonable application of the relevant constitutional standards.

In order to establish that he received constitutionally ineffective assistance of counsel, Rogers was required to demonstrate that: defense counsel's representation fell below an objective standard of reasonableness; and that but for counsel's unprofessional errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Wells v. Petsock*, 941 F.2d 253, 259 (3d Cir. 1991). The *Strickland* analysis for a claim of ineffective assistance of counsel constitutes clearly established law under revised § 2254. *See Gattis*, 278 F.3d at 236; *Lawrie*, 9 F. Supp. 2d at 434-35. A habeas petitioner must allege facts which, if accepted as true, would satisfy both prongs of the *Strickland* test: deficient performance and prejudice to the defense. *See Wells*, 941 F.2d at 259-60; *cf. Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. Thus, to sustain an ineffectiveness claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells*, 941 F.2d at 259-60; *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir.

4

1987). Against this backdrop, Rogers has not established that the state court's decision warrants relief under § 2254.

Rogers alleges that his trial counsel violated the Delaware Lawyers' Rules of Professional Conduct, resulting in violations of Rogers' rights under the Fifth and Fourteenth Amendments. *See* D.I. 1 at 5. Based on his state court filings,[2] Rogers more specifically contends that his counsel failed to zealously represent him and allowed the case to proceed although there was insufficient evidence to prove the elements of the crimes. *See* Op. Br. at 4 in *Rogers III*, Del. Supr., No. 247, 2004. Addressing the merits of his claim, the Delaware Supreme Court found that this claim was "without factual support because, in fact, Rogers' counsel did move for a judgment of acquittal on the ground of insufficiency of the evidence." *Rogers III* at **1. The court further noted that Rogers could not demonstrate ineffective assistance based on his counsel's failure to raise a meritless claim. *Id*. Rogers has failed to show any derelictions of counsel or to make concrete allegations of actual prejudice. *See Wells*, 941 F.2d at 259-60. Consequently, the state courts' rejection of this claim was a reasonable application of the *Strickland* standard, and this claim fails under § 2254(d)(1). *See Matteo*, 171 F.3d at 890; *Vick v. Williams*, 233 F.3d 213, 222 (4th Cir. 2000) (consistent application of rule by other courts allows federal court to decide state decision at issue is not unreasonable application).

*Claim 2 – Insufficient evidence*

In his second claim, Rogers contends that there was insufficient evidence to convict him of the various charges against him. D.I. 1 at 5. Rogers presented this claim to the state supreme court in his appeal from the denial of his postconviction motion, and thus the claim is exhausted. *See Digmon*, 434 U.S. at 333-34; *Swanger*, 750 F.2d at 295. After finding that a petitioner has

---

[2] *See supra* n.1.

exhausted state remedies, however, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989).

As to his claim of insufficient evidence, Rogers did not comply with state procedural requirements. Rogers presented this claim at trial in an unsuccessful motion for judgment of acquittal, but failed to raise the claim in his direct appeal. *See Rogers I*; *Rogers III* at **1. Rogers then presented the claim in his state postconviction motion and in the following appeal. *See Rogers II* at *1-2; *Rogers III* at **1. The Delaware Supreme Court thus found that because Rogers' claim had been previously adjudicated at trial and Rogers had failed to raise the issue on direct appeal, the claim was procedurally barred from review. *Rogers III* at **1; *see* DEL. SUPER. CT. CRIM. R. 61(i)(3), (4). Thus, federal habeas review of Rogers' claim is barred unless he establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.) *cert. denied*, 504 U.S. 944 (1992); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Rogers has not alleged cause for his procedural default in the state courts and thus the claim should be summarily rejected. Furthermore, Rogers cannot establish prejudice. The Delaware Supreme

Court noted that the victim's testimony without corroborating physical evidence was sufficient to support Rogers' conviction. *Rogers III* at **1. Thus, Rogers' claim of insufficient evidence is procedurally defaulted and should be dismissed.

*Claim 3 – Prosecutorial Misconduct*

Finally, Rogers alleges prosecutorial misconduct for proceeding against him without sufficient evidence and with the knowledge that the victim made inconsistent statements. D.I. 1 at 6. This claim was presented to the state supreme court on appeal from the denial of Rogers' postconviction motion and is thus exhausted.[3] *See Digmon*, 434 U.S. at 333-34; *Swanger*, 750 F.2d at 295. Rogers, however, failed to comply with the relevant state procedural requirements regarding this claim. Specifically, Rogers failed to raise this issue in his opening brief on appeal from the denial of his postconviction motion, thus waiving his claim. *See Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). The Delaware Supreme Court deemed the claim waived. *Rogers III* at **1 & n.2. Consequently, Rogers' claim of prosecutorial conduct is procedurally barred and is precluded from federal review. *See Carter v. Neal*, 910 F. Supp. 143, 151-52 (D. Del. 1995). Federal habeas review of Rogers' claim is barred unless he establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman*, 501 U.S. at 750-51; *Caswell*, 953 F.2d at 861-62; *Johnson*, 783 F. Supp. at 218-21. Once again, Rogers has failed to allege cause and the claim should be rejected on that basis. Moreover, Rogers cannot establish prejudice. Because the state supreme court determined that there was sufficient evidence presented at trial to sustain Rogers' convictions, the prosecutor could hardly have been faulted for bringing the case to trial. Any inconsistencies in the victim's testimony went to her

---

[3] Although not presented by Rogers in his opening brief on appeal, the issue was presented to the state supreme court in the State's answering brief. *See* State's Ans. Br. at 6 in Del. Supr. No. 247, 2004.

credibility, not the sufficiency of the evidence. *See Jackson v. Virginia*, 443 U.S. 307, 326 (1979) (holding any argument relating to the credibility of the government's witnesses is irrelevant to a determination of the sufficiency of the evidence); *Moore v. Deputy Comm'rs of the State Correctional Inst.,* 946 F.2d 236, 243 (3d Cir. 1991), *cert. denied*, 503 U.S. 949 (1992). Because Rogers has procedurally defaulted this claim without alleging either cause or prejudice, this claim should be dismissed.

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Rogers' trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondent cannot state with specificity when such transcript would be available. However, respondent reasonably anticipates that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  April 15, 2005