IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEREK M. Rogers
         Petitioner,

§
§
§
§
v.                                  §      Civil Action No.
§
THOMAS L. CARROLL,                  §            04-1348 (Gms)
         Respondents.               §

NOTICE OF APPEAL

FILED

AUG 1 8 2006

BO scanned
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Notice is hereby given that DEREK M. Rogers ,

Petitioner in the above-entitled matter, does appeal to the United

States Court of Appeals for the Third Circuit from the District

court of Judge Gregory M. Sleet entered in this

Action on 10 / 20 / 2004 .

Respectfully yours,

Derek M. Rogers

DATED: 8 / 11 / 2006

Delaware Correctional Center
Smyrna, DE  19977

# **Certificate of Service**

I, DEREK M. Rogers , hereby certify that I have served a true

and correct cop(ies) of the attached: Notice of Appeal

To United States District Court upon the following

parties/person (s): of Delaware

TO: Office of The clerk
United States District court
District of Delaware
Federal Court House
844 King Street
Wilm. Delg. 19801

TO: /S/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, Delaware 19801

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 11 day of AUGUST , 200 6

Derek Rogers

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DEREK M. ROGERS,                        )
                                        )
            Petitioner,                 )
                                        )
     v.                                 )          Civ. A. No. 04-1348-GMS
                                        )
THOMAS L. CARROLL, Warden,              )
                                        )
            Respondent.                 )

Derek M. Rogers. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware. Attorney for respondent.

## MEMORANDUM OPINION

July ____, 2006
Wilmington, Delaware

SLEET, District Judge

## I. INTRODUCTION

Petitioner Derek M. Rogers ("Rogers") filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (D.I. 1.)  For the reasons that follow, the court will dismiss his petition.

## II. PROCEDURAL BACKGROUND

In March 2003, a Delaware Superior Court jury convicted Rogers of attempted first degree robbery, first degree assault, two counts of possession of a firearm during the commission of a felony, and wearing a disguise. The Superior Court sentenced Rogers to a total of twenty-two years of incarceration, suspended after seventeen years for probation. *See Rogers v. State*, 2003 WL 22957024, at \*\*1 (Del. Dec. 12, 2003).  The Delaware Supreme Court affirmed Rogers' convictions and sentences on direct appeal. *Id.*

In March 2004, Rogers filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied. *See State v. Rogers*, 2004 WL 1172893 (Del. Super. Ct. May 10, 2004).   Rogers appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment. *Rogers v. State*, 2004 WL 2830989 (Del. Nov. 30, 2004).

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270,

1

275 (1971). The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at \*2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

If a petitioner has not exhausted state remedies, but state procedural rules preclude him from seeking further review in the state courts, a federal court will treat the claims as exhausted but procedurally defaulted. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Similarly, if a petitioner exhausted state remedies, but the highest state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501

2

U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that the errors at . . . trial . . .worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## C. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim is "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard*, 545 U.S. 374 (2005).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Rogers asserts three claims in his petition: (1) ineffective assistance of trial counsel; (2) insufficient evidence to support his conviction; and (3) prosecutorial misconduct. (D.I. 1, at 5-6.)

### A. Claim one: ineffective assistance of counsel

In his first claim, Rogers contends that his trial counsel provided ineffective assistance by violating the Delaware Lawyer's Rules of Professional Conduct. Reading his habeas claim in conjunction with his state court filings, Rogers appears to allege that trial counsel failed to zealously represent him and therefore permitted the case to proceed despite the absence of sufficient evidence. *See* D.I. 10, Appellant's Op. Br. in *Rogers v. State*, ID No. 0112016209.

4

Rogers presented his ineffective assistance of counsel claim to the Delaware Supreme Court on post-conviction appeal, and the Delaware Supreme Court denied the claim as meritless. Consequently, Rogers is not entitled to habeas relief unless the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Here, the Delaware Supreme Court's decision was not contrary to *Strickland* because the state court identified *Strickland* as the proper standard and analyzed Rogers' claim within its framework. *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the

5

correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause"). The Delaware Supreme Court also did not unreasonably apply *Strickland* in denying the claim. After noting that trial counsel alleged insufficient evidence in a motion for judgment of acquittal, the Delaware Supreme Court found the claim to be factually baseless and, in turn, concluded that trial counsel did not provide ineffective assistance by failing to raise a meritless claim. *Rogers*, 2004 WL 2830898, at *1. Neither of these conclusions involved an unreasonable application of *Strickland*. *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000)

Accordingly, the court concludes the Delaware Supreme Court's denial of Rogers' ineffective assistance of counsel claim does not warrant federal habeas relief under § 2254(d)(1).

## B. Claims two and three are procedurally barred

Rogers procedurally defaulted claims two and three by presenting them to the Delaware Supreme Court in an improper procedural manner under state law. For example, in claim two, Rogers contends that there was insufficient evidence to convict him of the various charges against him. Although Rogers exhausted state remedies by presenting claim two to the Delaware Supreme Court on post-conviction appeal, the Delaware Supreme Court denied the claim after determining that it was procedurally defaulted under Delaware Superior Court Rules 61(i)(3) and (4). This court has consistently held that Rule 61 constitutes an independent and adequate state procedural ground barring federal habeas review. *See St. Louis v. Carroll*, 429 F. Supp. 2d 701, 707 (D. Del. 2006)(collecting cases). Therefore, the court cannot review the merits of the claim absent a showing of cause for, and prejudice resulting from, the procedural default, or that a

6

miscarriage of justice will occur absent review of the claim.[1]

Additionally, in claim three, Rogers contends that the prosecutor engaged in misconduct by proceeding against him without sufficient evidence and with the knowledge that the victim made inconsistent statements. Although Rogers raised this issue in his Rule 61 motion, he did not present it to the Delaware Supreme Court on post-conviction appeal. Consequently, in its post-conviction appellate decision, the Delaware Supreme Court explicitly stated that "[t]o the extent Rogers has not argued other grounds to support his appeal that were not previously raised, those grounds are deemed waived and will not be addressed by this Court." *Rogers*, 2004 WL 2830898, at *1. This court has consistently held that Delaware's procedural rule deeming claims not raised on appeal as "waived" constitutes an independent and adequate state procedural ground barring federal habeas review. *See McLaughlin v. Carroll*, 270 F. Supp.2d 490, 512 (D. Del. 2003); *Carter v. Neal*, 910 F. Supp. 143, 151-52 (D. Del. 1995). Therefore, the court also cannot review the merits of claim three unless Rogers demonstrates cause and prejudice, or alternatively, a miscarriage of justice.

Rogers filed a reply to the State's answer, but he does not allege any cause for his failure to present claims two and three to the Delaware state courts in the proper procedural manner. In the absence of cause, the court does not need to address the issue of prejudice. Additionally, because Rogers has not presented new reliable evidence of his actual innocence, the court cannot review the claims under the miscarriage of justice exception to the procedural default doctrine.

---

[1]The Delaware Supreme Court also determined the claim to be meritless, but that alternative holding does not preclude the court from relying on Rogers' procedural default. *Johnson v. Pinchak*, 392 F.3d 551, 558 (3d Cir. 2004).

7

Accordingly, the court will deny claims two and three as procedurally barred.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court concludes that Rogers' petition does not warrant federal habeas relief. Jurists of reason would not find that conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the court will dismiss Rogers' petition. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.

8

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

DEREK M. ROGERS,                    )
                                    )
          Petitioner,               )
                                    )
     v.                             )     Civ. A. No. 04-1348-GMS
                                    )
THOMAS L. CARROLL, Warden,          )
                                    )
          Respondent.               )

### ORDER

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS

HEREBY ORDERED that:

1. Derek M. Rogers' Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c)(2).

Dated: July 14, 2006

                                    UNITED STATES DISTRICT JUDGE



Myers
UNIT 19 - D - L - 5
WARE CORRECTIONAL CENTER
81 PADDOCK ROAD
SMYRNA, DELAWARE 19977

To Office of The Clerk
United States District Court
District of Delaware
844 King St. Federal Court House
Wilmington, Delaware
19801

WILMINGTON DE 197

17 AUG 2006 PM

PITNEY BOWES
$ 00.870
02 1P
0002336401 AUG15 2006
MAILED FROM ZIP CODE 19977

19801+3519-99 C012